IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2326

THIS DOCUMENT RELATES TO:

*Benge, et al. v. Boston Scientific Corp.*          Civil Action No. 2:12-cv-8627

MEMORANDUM OPINION AND ORDER

Pending before the court is Boston Scientific Corp.'s ("BSC") Motion to Dismiss for Failure to Timely Serve the Plaintiff Profile Form [ECF No. 19]. The plaintiffs have responded to the motion [ECF No. 20], making it ripe for decision. For the reasons stated below, the motion is **GRANTED in part** and **DENIED in part**.

I.      Background

BSC's Motion arises from this court's Order [ECF No. 18], entered on July 18, 2016, denying BSC's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to serve a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order ("PTO") # 16. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 18] (applying the *Wilson* factors to Ms. Benge's case).[1]

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry

Concluding that the first three factors weighed in favor of sanctions as requested by BSC, I nevertheless declined to award the requested sanctions of either dismissal or monetary sanctions because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs a final chance to comply with the deadlines set forth in PTO # 16. I afforded the plaintiffs 30 business days from the entry of the Order to submit to BSC a completed PPF, with the caveat that a failure to do so may result in dismissal of her case upon motion by BSC. Despite this warning, the plaintiffs failed to comply with this court's orders and did not provide BSC with her PPF within the 30-day period. Consequently, BSC moved to dismiss this case. In response, the plaintiffs' counsel assert that they have only recently been able to get back in contact with their clients, and are now prepared to file the PPF.

## II.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

---

into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III.   Discussion

Although I previously warned the plaintiffs that failure to submit the PPF to BSC within the previously ordered deadlines could result in dismissal, the fourth *Wilson* factor—considering whether less drastic sanctions would be effective—leads me to conclude that the plaintiffs should be given one *final* opportunity to submit the PPF to BSC. I reach this conclusion because of the plaintiffs' counsels' assertions that the PPF is nearly ready to be submitted to BSC upon entry of this order. Accordingly, the plaintiffs must submit the PPF to BSC within 30 days from entry of this Order, or I will dismiss their case with prejudice.

The circumstances of this case, however, lead me to impose the sanction provided in Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, which requires a party failing to provide discovery to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiffs have not provided substantial justification for their failure

3

to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the plaintiffs contend the discovery violation will soon be cured, it nevertheless resulted in litigation expenses for BSC. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, BSC's Motion to Dismiss is **DENIED in part** in regards to dismissing the plaintiffs' claim and **GRANTED in part** to the extent that it seeks the payment of reasonable expenses.

To bring this Motion to Dismiss, BSC expended time and money identifying Ms. Benge as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting multiple motions to dismiss or for sanctions; and serving the motions. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a more representative, though still minimal, valuation of BSC's expenses, and the proper sanction in this case, is in the amount of $1000.

## IV.    Conclusion

As explained above, BSC's Motion to Dismiss [ECF No. 19] is **GRANTED in part** and **DENIED in part**.  It is **ORDERED** that the plaintiffs have **30 business days** from the entry of this Order to pay BSC **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiffs' failure to comply with discovery.[2] In the event that the plaintiffs do not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion

---

[2] The court directs BSC to communicate with plaintiffs' leadership regarding payment instructions.

4

by the defendants. It is further **ORDERED** that the plaintiffs have a final **30 business days** from the entry of this Order to submit to BSC a completed PPF. **Failure to comply with this Order will result in dismissal upon motion by the defendant**. Finally, it is **ORDERED** that plaintiffs' counsel send a copy of this Order to the plaintiffs via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 17, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE